UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                               No.  10-CR-905-LTS

RICARDO PIMENTEL,

        Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

The Court has received and reviewed Mr. Pimentel's Motion for Compassionate Release pursuant to 18 U.S.C. section 3582.  (Docket entry no. 2372.)  Mr. Pimentel seeks an unspecified modification of his sentence, arguing that the career offender guideline provision of the United States Sentencing Guidelines, U.S.S.G. sections 4B1.1 and 4B1.2 (the "Career Offender Guideline"), was erroneously applied at sentencing.  Specifically, Mr. Pimentel argues that the Career Offender Guideline's definition of a "controlled substance offense," – one of two types of predicate offenses for the application of the Career Offender Guideline – does not include inchoate offenses, and that the Sentencing Commission's Application Note 1 to section 4B1.2, which interprets the term "controlled substance offense" to include inchoate offenses, does not warrant deference.

Mr. Pimentel's sole argument that an extraordinary and compelling reason warranting a sentence modification exists is that the Court erred when it applied the Career Offender Guideline based on his prior offense of attempted criminal sale of a controlled substance when imposing his sentence.  (Docket entry no. 2372, at 12.)  Arguments of pure legal error are ordinarily raised on appeal or by a motion brought pursuant to 28 U.S.C. section 2255,

and it is unclear whether an argument of legal error can be entertained in the context of a motion brought pursuant to 18 U.S.C. section 3582, particularly where a section 2255 petition raising the same argument would be untimely.  See 28 U.S.C. section 2255(f) (imposing a 1-year period of limitations on petitions, running from the latest of the date (1) on which the judgment becomes final, (2) on which a governmentally-imposed impediment to making the motion was removed, (3) on which the right asserted was initially recognized by the Supreme Court, or (4) on which the facts supporting the claim could have been discovered through the exercise of reasonable diligence).

Assuming, without deciding, that this Court can consider an alleged legal error in its sentencing decision in determining whether there is an extraordinary and compelling reason warranting a sentence modification, see United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release"), Mr. Pimentel's argument is foreclosed by binding Second Circuit precedent.  In U.S. v. Jackson, 60 F.3d 128 (2d Cir. 1995), the Second Circuit held that the Sentencing Commission had the statutory "'authority [under 28 U.S.C. sections 994(a) and 994(h)] to expand the definition of 'controlled substance offense' to include aiding and abetting, conspiring, and attempting to commit such offenses" through Application Note 1.  Id. at 133.  The Second Circuit recently reaffirmed that decision in U.S. v. Tabb, 949 F.3d 81 (2d Cir. 2020), rejecting a challenge to Application Note 1's incorporation of conspiracy into the definition of a controlled substance offense for career offender determination purposes.  The Second Circuit explained its reasoning further in U.S. v. Richardson, 958 F.3d 151 (2d Cir. 2020), holding that section 4B1.2(b)'s definition of a "controlled substance offense" as an offense under a federal or

state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance," covers statutes prohibiting inchoate narcotics offenses such as conspiracy and attempt, which also function to prevent or impede the commission of substantive narcotics offenses.  Thus, the Second Circuit concluded, "the Sentencing Commission adopted an interpretation of § 4B1.2 that is not inconsistent with the guideline when it concluded [in Application Note 1] that an offense that forbids 'aiding and abetting, conspiring, and attempting to' manufacture, import, export, distribute, or dispense a controlled substance is an offense that 'prohibits' those activities." Richardson, 958 F.3d at 155 (quoting Application Note 1).  These decisions post-date the cases cited by Mr. Pimentel and control this Court's determination of whether it was error to sentence him pursuant to the Career Offender Guideline.  Accordingly, Mr. Pimentel's rationale for a sentence modification has been rejected by binding Second Circuit precedent and therefore cannot constitute an extraordinary and compelling reason warranting a sentence modification.  The motion for compassionate release and request for appointment of counsel for the purposes of that motion practice are therefore denied.

      This Memorandum Order resolves docket entry number 2372.

SO ORDERED.

Dated: New York, New York
      April 8, 2021

        /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge